DAVIDSON *v.* McINTYRE *et al.*

(Division A.   Oct. 6, 1947.)

[32 So. (2d) 150.   No. 36515.]

326

Creekmore & Creekmore, of Jackson, and **Ernest Kellner**, of Greenville, for appellant.

Ben Wilkes, of Greenville, for appellees.

Argued orally by **Wade H. Creekmore**, for appellant.

**McGehee, J.**, delivered the opinion of the court.

The appellant, J. W. Davidson, was employed as a night watchman at the storage place, or garage, of the appellees, J. L. McIntyre and others, doing business as a common carrier under the firm name of Delta Coaches. The defendants constructed and maintained in a very large room, about sixty feet square, two or three grease pits, where its motor buses were serviced, at Greenville, and it was shown that the plaintiff fell into one of these pits while about the duties of his employment, and was injured. The pit was about twenty-four feet in length, about two or three feet in width, and about four or five in depth, and was constructed and maintained in the usual and customary manner for using such pits in other like places of business. But the complaint is that the failure of the defendants to have the room properly lighted was a contributing factor to the accident. The trial court granted a peremptory instruction in favor of the defendants, from which action the plaintiff appealed.

The question involved is, of course, whether or not the defendants exercised reasonable care to furnish the plaintiff a reasonably safe place in which to perform the duties of his employment. The proof disclosed that the accident occurred almost immediately after the plaintiff entered upon his duties on that particular evening. There were one or more lights burning at the time; but the proof shows that one of the light bulbs near the pit had burned out, and that the socket where another light should have been was out of repair. It was the plaintiff's duty to turn on the other lights about the building and premises, and he was about the business of performing this duty when, in a moment of temporary forgetfulness, he fell into this grease pit.

It would serve no good purpose to fully discuss the testimony, since the case is to be reversed for a new trial, but we shall merely state that while we are of the opinion that it is a very close case on the facts, we have concluded that since questions of negligence and contributory negligence are generally for the determination of the jury, and in view of the fact that before granting a peremptory instruction the trial court should assume as true every fact which the testimony reasonably tends to establish in favor of the plaintiff, as well as the reasonable inferences to be drawn therefrom, the case should be reversed and remanded for a new trial on the issue of fact as to whether or not, under all the circumstances, the defendants had, in fact, exercised reasonable care to furnish the plaintiff a reasonably safeplace in which to work.

Reversed and remanded.