JEFFERSON FUNERAL HOME, et al. *v.* PINSON, ADMRX.

Jan. 4, 1954

No. 39022        47 Adv. S. 21        69 So. 2d 234

428

*Brunini, Everett, Grantham & Quin,* Vicksburg, for appellants.

Teller & Bredenharn, W. J. Vollor, Vicksburg, for appellee.

HALL, J.

This appeal is from a judgment in favor of appellee for damages on account of the death of Dr. Fred E. Pinson, Sr., resulting from injuries sustained by him in a collision between his Dodge automobile and a Ford panel truck belonging to appellant at the intersection of Jackson and Farmer Streets in the City of Vicksburg.

1. Appellant contends first that the trial court erred in admitting in evidence a plat of said intersection prepared by a surveyor immediately preceding the trial and several months after the collision. The plat in question shows both streets, their respective widths, and numerous other stationary objects in and about the scene. The only objection to the plat is that it shows two stop signs at each approach to the intersection on Jackson Street. It was admitted by both parties and shown con-

clusively by the evidence that these stop signs had been placed there by the Chief of Police about six weeks before the trial and several months after the accident. The surveyor who made the plat testified that he depicted the scene as it existed when he took his measurements and observations. He frankly admitted that he did not know when the signs were erected, but he testified positively that he is familiar with the intersection, that he lived there when he was a boy, that he passed the scene frequently and that he knows that, except for the stop signs, the plat shows the situation exactly as it existed at the time of the accident. In fact, it is not disputed that all the measurements, distances, directions, and surrounding objects are exactly as they existed at the time of the collision except as to the stop signs, and appellee did not claim that such signs were there when Dr. Pinson received his fatal injury. Moreover, the trial court granted appellant an instruction as follows: ''The court instructs the jury that, at the time of the accident in this case, neither Farmer nor Jackson Street was a through street. There were no stop signs in either direction. Neither Farmer nor Jackson Street had any priority or precedence at said intersection. You are not to consider as of any weight or importance whatsoever the circumstance that stop signs have been placed at said intersection at some time after the accident.'' Appellant offered in evidence several photographs of the scene, taken shortly after the collision, all of which show that there were no stop signs on either street at that time. We do not think that the admission of this plat was reversible error, especially in view of the fact that appellee admitted that the signs were not there when the accident occurred and there is no claim that the plat is incorrect in any other particular.

In Jones v. State, 148 Miss. 531, 535-536, 114 So. 343, this Court, in passing upon a similar question, said: ''Reversal is urged by the appellant upon one ground alone, and that is that the court erred in permitting the

State to introduce before the jury a certain map of the surroundings and inanimate objects at the place where the homicide was committed. The complaint seems to be that the map was inadmissible, because it located 'persons in the field and other matters on there that are not permanent fixtures, and of necessity were entered by the witness on hearsay testimony' (quoting from appellant's brief).

"The basis of the contention of counsel for the appellant appears to be founded upon the rule announced in Fore v. State, 75 Miss. 727, 23 So. 710, in which it was held that 'Photographs which are mere artistic reproductions of situations planned by the State's chief witness, although taken at the place of the homicide, are not admissible in evidence.'

"We do not think the rule announced in the Fore case, supra, is applicable to the case at bar, for the reason that the map introduced in the instant case was identified by the testimony of witnesses as being a fair representation of the grounds, surroundings, and inanimate objects located at the place of the homicide. This map was shown to have been drawn by persons who measured the ground, ditches, fields, and such inanimate objects and conditions, and it was not a photograph or map purporting to show how the tragical occurrence took place; and the hearsay testimony complained of by appellant with reference to the location of the inanimate objects, distances, and surroundings on the map was not objectionable, because it was information given and substantiated, under oath, at the trial; *it was subject to dispute, and the correctness of the map offered to the jury was a question to be decided by the jury, from the testimony of witnesses showing the locus in quo.*" (Emphasis supplied.)

In Hancock v. State, 209 Miss. 523, 535-536, 47 So. 2d 833, we said: "To require pictures to be made at the exact time of death, in cases of this kind, or at the exact time of accidents, in cases of that type, or under other

circumstances which might be mentioned, would exclude all pictures in such cases. All that is required, as to the time of making photographs, is that they be verified as substantial representations of the conditions as they existed at the time in question. *Oral proof can explain the changed conditions.* 'Photographs of the scene of an accident taken at or near the time are not always obtainable, *and the only practical rule would seem to be that the changes must not be such as to destroy the substantial identity and that the changes, whatever they may be, should be carefully pointed out and brought to the jury's attention.'* 20 Am. Jur., Sec. 731, p. 611." (Emphasis supplied.) See also, Orr v. Columbus & Greenville Ry. Co., 210 Miss. 63, 67, 48 So. 2d 630.

In the case at bar there was oral proof to explain the only difference between the plat depicting the scene just before the trial and the scene at the time of the collision, and we do not think there was any error in admitting the plat in evidence.

2. It is next contended that the verdict of the jury is against the overwhelming weight of the testimony and the physical facts. A consideration of this point necessitates a statement of the facts in evidence. Farmer Street is thirty feet in width when measured on the paving from curb to curb, and runs North and South. Jackson Street is thirty-eight feet in width when measured on the paving from curb to curb, and runs East and West. Dr. Pinson was driving South on Farmer Street. According to appellee's proof, he entered the intersection in the afternoon on a clear, fair day, at a speed of about 20 or 25 miles per hour, at a time when appellant's panel truck was about 40 feet from the intersection traveling at a speed of about 30 or 35 miles per hour in an easterly direction; Dr. Pinson had crossed more than half of the intersection when his car was struck on and near the right rear wheel by the truck, as a result of which his car went out of control and he was thrown to the pavement

and received a laceration of the brain from which he died about four hours later. The front bumper of the truck was bent backward and split almost in the center. Skid marks on the pavement showed that the wheels of the truck were skidded straight ahead for a distance of three feet and ten inches. Other skid marks showed that the Pinson car skidded sideways. There was testimony for appellant that the truck did not strike the Pinson car but that, instead, the Pinson car "sideswiped" the front of the truck. Thus it is seen that there was a conflict in the testimony on the facts pertaining to the collision. Both sides admitted that neither vehicle stopped for the intersection. The panel truck was admittedly owned by the funeral home, and its driver was admittedly on the occasion in question in and about the discharge of his duties in the course and scope of his employment. ■■■ The evidence shows without substantial dispute that the Pinson car had crossed more than half of the intersection when the collision occurred and that it happened in the Southwest quarter of the intersection. This physical fact shows almost conclusively that the Pinson car was the first to reach and enter the intersection. This being true, (and the jury evidently found it to be true), it was the duty of the driver of the panel truck to yield the right of way to the Pinson car and, if necessary, to stop so as to permit him to pass on through the intersection without interference. Section 8195, Code of 1942; Myers v. Tims, 161 Miss. 872, 138 So. 578; Whatley v. Boolas, 180 Miss. 372, 177 So. 1. ■■■ There was ample evidence to support the finding of the jury that the driver of the panel truck negligently failed to discharge the duty which the law imposed upon him, and, consequently, we are of the opinion that the appellant's second contention is without merit.

3. Complaint is next made at the granting of one of plaintiff's instructions and the refusal of one requested by defendant. The one granted to plaintiff is as follows:

"The court instructs the jury for the plaintiff that, under the law governing this case, the driver of a vehicle approaching an intersection is under the duty to yield the right of way to a vehicle which has entered the intersection from a different street, and, therefore, the court tells you that if you find from the preponderance of the evidence in this case that the car driven by Dr. F. E. Pinson had already entered the intersection of Farmer Street with Jackson Street, while the truck driven by Silas White was still approaching same, then, as a matter of law, the driver of the truck was under the duty to yield the right of way to Dr. Pinson and, if he failed to do so, he was guilty of negligence, and the court tells you that if you find the driver of such truck to have been guilty of such negligence and that such negligence proximately caused or proximately contributed to the cause of the collision and the injuries to Dr. Pinson, then it is your sworn duty, as jurors, to find your verdict for the plaintiff."

Appellant makes three criticisms of this instruction. ██ The first is that it is virtually a peremptory instruction that the driver of the truck was guilty of negligence. We do not agree with that contention. The instruction correctly stated the law which we have cited under the second division of this opinion. The second criticism is that the instruction is erroneous in failing to insert the word "negligently" immediately preceding the word "failed" in the above quoted phrase "if he failed to do so." We do not agree with that contention for the reason that the court was defining and spelling out to the jury what was necessary to constitute negligence. ██ The third criticism is that the instruction completely leaves out of consideration whether Pinson was free of negligence. There might be some merit in this argument if the instruction had concluded that the jury should find full damages for the plaintiff, but the instruction did not so state. Of course, under our comparative negligence

statute, Section 1454, Code of 1942, if Dr. Pinson was guilty of negligence which proximately contributed to his injury and death, and if the truck driver was also guilty of negligence which proximately contributed thereto, then it was the duty of the jury to diminish the amount of damages awarded in proportion to the amount of negligence attributable to Dr. Pinson. The instruction does not deny appellant of the benefit of the statute. ■■■ We have repeatedly held that contributory negligence of the person injured or killed is an affirmative defense which must be pleaded and proved, and that ■■■ if a defendant wishes to have a jury instructed with reference thereto, he should request such an instruction. Mobile & Ohio Railroad Company v. Campbell, 114 Miss. 803, 75 So. 554; Gulf & Ship Island Railroad Company v. Saucier, 139 Miss. 497, 104 So. 180; Railway Express Agency v. Mallory, 168 F. 2d 426.

■■■ The instruction which the trial court refused to defendant announces identically the same principles of law and is couched in almost the identical words as one which was granted to defendant. It is not error for the court to refuse an instruction embodying the same principles as one already given. "The court is only required to charge the jury, in stating a given principle, one time and no more." Fisher v. State, 150 Miss. 206, 226, 116 So. 746. Alexander's Mississippi Jury Instructions, Section 7. It is our conclusion that no error was committed in the granting or refusing of the instructions and that the judgment of the lower court should be affirmed.

■■■ 4. While this appeal has been pending Lucy C. Jefferson, sole owner of Jefferson Funeral Home, died, and George L. Jefferson, William H. Jefferson and Zella Jefferson Lewis, Executors of the Estate of Lucy C. Jefferson, deceased, have voluntarily entered their appearance herein and made themselves parties appellant in the place and stead of said Lucy C. Jefferson for the purpose

of having this cause revived in their names as the legal representatives of deceased, pursuant to the provisions of Section 1968, Code of 1942, and the cause is revived accordingly.

Affirmed.

*McGehee, C. J.,* and *Kyle, Arrington* and *Lotterhos, JJ.,* concur.