HERRING *v.* HART

No. 39737          October 17, 1955          82 So. 2d 710

*Ray, Spivey & Cain,* Canton, for appellant.

*Billups & King,* Jackson, for appellee.

HALL, J.

██ ██ This appeal is from a judgment for $10,000.00 in favor of appellee as damages for personal injuries sustained by her when a Ford pickup truck, driven by her, was struck at a street intersection in the town of Ridgeland, by an automobile driven by appellant. Appellee was traveling north on Wheatley Street, which is a much traveled street, and appellant was traveling east on School Street, which is a short street and does not carry much traffic. Vision at this intersection is obstructed by high grass and bushes. The evidence shows, with practically no dispute, that when appellee was in the north part of the intersection, appellant drove her car out of the side street and ran broadside into the truck. The front of the car struck the side of the truck on the door, spun it around, and turned it over. ██ ██ It seems reasonably clear that appellee entered the intersection first and the jury, by its verdict, evidently so found. This being true it was the duty of appellant to yield the right of way to appellee. Jefferson Funeral Home v. Pinson, 219 Miss. 427, 69 So. 2d 234. ██ ██ And if both vehicles arrived at the intersection at the same time, since appellee was to appellant's right, it was likewise appellant's duty to yield the right of way to appellee. Section 8195, Code of 1942. It follows from what we have said that appellant was not entitled to a directed

verdict as argued by her, and that the verdict is not against the great weight of the evidence.

It is contended finally that the verdict is grossly excessive. We do not think so. According to the medical proof appellee sustained numerous cuts, bruises and contusions which were of a minor nature, and her right hand was so horribly crushed and mangled that her physician first thought that amputation would be necessary, but finally decided to undertake to save it and succeeded. The medical proof is undisputed that she has little use of her hand and that it is permanently disabled to the extent of at least 75%. She was hospitalized and under treatment for a long period of time and her pain and suffering was most severe. We do not think the verdict is so large as to manifest passion and prejudice on the part of the jury, and its verdict is therefore affirmed.

Affirmed.

*Lee, Holmes, Ethridge* and *Gillespie, JJ.,* concur.