MYRICK, et al. *v.* HOLIFIELD, MINOR, ETC.

No. 41667 February 6, 1961 126 So. 2d 508

*Daniel, Coker & Horton,* Jackson; *Welch, Gibbes & Graves,* Laurel, for appellants.

*Boyd & Holifield,* Laurel, for appellees.

McElroy, J.

This case originated in the Circuit Court of the Second Judicial District of Jones County, Mississippi. The appellee, Henry O'Neal Holifield, charged in his declaration that appellants J. P. Myrick and Willis M. Huff were guilty of negligence which proximately caused certain personal injuries. The appellee's proof was submitted to the jury, and it awarded a judgment of $10,000 thereon. In the appellee's declaration and bill of particulars, in response to appellant's motion, the negligence ascribed to appellant Myrick, the admitted agent and servant of Huff, was to the effect that Myrick negligently and carelessly drove a thirty-six thousand pound tandem truck into the intersection of Magnolia Street and Central Avenue in Laurel while Myrick was traveling east on Central Avenue, and Holifield, who had first entered the intersection, was traveling south on Magnolia, driving a two-wheel scooter. The pleadings and proof showed that it was dark and Myrick was traveling without lights, in a highly reckless and dangerous manner at an excessive speed, failing to keep a proper lookout, and to use due care and caution to avoid running into the appellee, and also failing to anticipate his presence. The testimony led the jury to the verdict rendered.

The appellee Holifield, at the time of the accident, March 21, 1957, was fourteen and one-half years old.

He was delivering newspapers. The accident occurred at 5:20 A. M. From the evidence, it was dark, cloudy, and began to rain shortly after the collision. Magnolia Street is also the south route of U. S. Highway No. 11 through Laurel. The intersection traffic light at Central Avenue was not in operation. As Holifield approached the intersection, he slowed down and looked in all directions. Seeing nothing to obscure his way, he proceeded into the intersection. His evidence was that the headlight on the motor scooter was burning. He entered the intersection first, before seeing the appellant Myrick's truck, which, at that time, had not entered the intersection. He estimates that at the time he saw the truck that it was approximately "six to eight feet from the first line of" the double yellow line, crosswalk, or approximately twenty to twenty-two feet west of the intersection. The appellee's testimony further was to the effect that the appellant speeded his truck and did not stop until it had passed some forty feet beyond the east side of the intersection. The appellee immediately applied his brakes and skidded. He had been traveling to the right of the center of Magnolia Street. The scooter slid in a straight line. He also put out his left foot on the ground to help stop his scooter. The accident occurred in the southwest quadrant of the intersection. The front of the motor scooter collided with the left rear tandem wheel of the truck. After the impact, the appellee and scooter were knocked and dragged, or otherwise carried, over to the southwest quadrant of the intersection. The truck never slackened speed, stopped or applied brakes after entering the intersection.

The appellant Myrick's testimony is to the effect that he was driving east on Center Street, stopped at the intersection and then proceeded, and on seeing the appellee approaching from the north, he speeded up his truck to avoid hitting him, and that he was beyond the

center of Magnolia Street when the scooter hit the rear wheel of the truck, causing the accident.

The Court is of the opinion that liability was a question for the jury to decide.

The appellants argue that the lower court erred in refusing to give them a peremptory instruction, and that the verdict was based upon a mathematical impossibility. The appellants were charged with negligence. A question of fact arose from the pleading and the proof as to which vehicle entered the intersection first and thus acquired priority of the right-of-way. The proof was ample to substantiate appellee's theory that he first entered the intersection, prior to the entry of the appellant Myrick, thus giving appellee the priority of right-of-way. This issue was clearly and sharply marked in the testimony, and the jury's verdict thus rejected appellants' theory.

The jury was instructed that appellant Myrick was under a duty to keep his truck under reasonable control, and to anticipate the presence of appellee and others in using the public street. The failure to do so under all of the surrounding circumstances and conditions shown by the evidence, if the same were the proximate cause of the collision, would justify a verdict for appellee. Further, the jury was instructed that the failure to operate his truck without lights was negligence under the law, if they so believed that this was being done. Also, that appellants were under a duty to operate the truck at no greater rate of speed than was reasonable and proper, having due regard to the traffic and use of the street; and that appellant was further required to keep a reasonable lookout for others using the said street, and that failure to observe either or all of these requirements, if believed by the jury, was negligence.

The appellants contend that the verdict is based on a mathematical impossibility. All of the statements of witnesses concerning distance and speed were estimates,

and no mathematical formula can be applied to laymens' versions of distance, speed, etc., which occur within a matter of seconds and in close quarters. Miss. Central R. R. Company v. Mason, 51 Miss. 234; Southern Railway Company in Mississippi v. Floyd, 99 Miss. 519, 55 So. 287; White's Lumber and Supply Company, et al. v. Collins, 186 Miss. 659, 191 So. 105; Davidson v. McIntyre, et al., 202 Miss. 325, 32 So. 2d 150; American Creosote Works of Louisiana v. Harp, 215 Miss. 5, 60 So. 2d 514, 35 A. L. R. 2d 603; Kirkpatrick, et al. v. Love, et al., 220 Miss. 174, 70 So. 2d 321.

The court refused for the appellants the following instruction: "The Court instructs the jury for the defendants that under the undisputed evidence in this case, the plaintiff, Henry O'Neal Holifield, was guilty of negligence as a matter of law, and if you find from the evidence that his said negligence was the sole, proximate cause of his own injuries, it is your sworn duty to return a verdict for the defendants." This instruction is based on a statute which prevents a boy under fifteen years of age from acquiring a license to operate a motor vehicle. It would peremptorily instruct the jury that appellee was negligent by reason of the fact that he was only fourteen years of age at the time of the collision and was prevented by statute from acquiring a license to drive a motor vehicle. The appellants make the point that the violation of a statute or ordinance constitutes negligence. The lower court was correct in refusing this instruction.

The appellants do not cite any authority from this Court holding that the failure of an operator to have an operator's license will bar him from recovery, nor any authority to substantiate the point that the mere violation of a statute forbidding the operation of an automobile or motor scooter without a license raises an inference of negligence. We find no such authority in Mississippi.

We quote from 5 Am. Jur. 586, Section 141, as follows: "The fact that the operator of an automobile has no operator's license, as required by statute, does not, according to the majority view, bar recovery for an injury to him through the negligence of another where the lack of such license has no causal connection with the injury. Mere violation of a statute forbidding the operation of a motorcycle on the highway without a license does not raise an inference of negligence which will prevent recovery for personal injuries negligently inflicted by another.

"An infant operating a motorcycle on a public highway in violation of a statute which imposes a penalty therefor, and which by its terms is conclusively controlling on the punishment for its violation, is not a trespasser in the sense that he is precluded from recovering damages for personal injuries negligently inflicted upon him by another to which his youth in no way contributed.

"Even in Massachusetts, where the owner or operator of the unlicensed automobile cannot recover, the operator who has no license is not precluded from recovery by that fact alone; at least one who has employed an unlicensed person to operate the car is not precluded from recovery."

See also 163 A. L. R. 1375, supplementing other annotations on the subject. Only Massachusetts seems to follow the minority rule. What better reason could this Court have than to ask itself the perfectly logical question, "To what end and with what probative value does the failure to acquire an operator's license have on the issue of whether the driver of a vehicle was negligent on the specific occasion in question?" Most legal minds would obviously answer that it has none, and is totally irrelevant to the issue. The duty owing to an opposite party in an action of negligence must be capable of having some causal connection between it and

the injury complained of. Etheridge v. Guest, 63 Ga. App. 637, 12 S. E. 2d 483, 163 A. L. R. 1380 (b). █ If there is any doubt as to this question, the lower court gave the following instruction: "The court instructs the jury for the defendants that under the law of Mississippi no operator's license shall be issued to any person under the age of fifteen years, and no person shall operate a motor vehicle without first securing an operator's license; the court further instructs the jury for the defendants that if you find that the plaintiff was negligent in operating a motor vehicle while under the age of fifteen years, and without having an operator's license, and if you find that such failure, together with any other negligence of the plaintiff, if any you find, was the sole, proximate cause of said accident, then it is your sworn duty to return a verdict for the defendants."

Appellants next argue that the court erred in failing to grant an instruction on contributory or comparative negligence. The instruction requested by the appellants on contributory negligence was refused by the court, and the following was marked on the instruction: "Refused because contributory negligence is an affirmative defense." Reading the appellants answer and affirmative defense set up in their answer, the Court is unable to find any reference to a pleading of contributory negligence as an affirmative defense. The learned judge who tried the case did not so understand appellants answer. After the court refused the instruction on contributory negligence, the appellants did not make a request to reopen the case and amend the answer, setting up a defense of contributory negligence.

 █ Our Court has held that contributory negligence is a defense, must be proved by the defendant, and the duty is upon the defendant to request an instruction on contributory negligence. In 1954, the case of Jefferson Funeral Home, et al. v. Pinson, Admrx., 219 Miss. 427, 69 So. 2d 234, held as follows: "The

third criticism is that the instruction completely leaves out of consideration whether Pinson was free of negligence. There might be some merit in this argument if the instruction had concluded that the jury should find full damages for the plaintiff, but the instruction did not so state. Of course, under our comparative negligence statute, Section 1454, Code of 1942, if Dr. Pinson was guilty of negligence which proximately contributed to his injury and death, and if the truck driver was also guilty of negligence which proximately contributed thereto, then it was the duty of the jury to diminish the amount of damages awarded in proportion to the amount of negligence attributable to Dr. Pinson. The instruction does not deny appellant the benefit of the statute. We have repeatedly held that contributory negligence of the person injured or killed is an affirmative defense which must be pleaded and proved, and that if a defendant wishes to have a jury instructed with reference thereto, he should request such an instruction. Mobile & O. R. R. Company v. Campbell, 114 Miss. 803, 75 So. 554; Gulf & S. I. R. R. Company v. Saucier, 139 Miss. 497, 104 So. 180; Railway Express Agency v. Mallory, 168 F. 2d 426.'' See also Moore v. Abdalla, 197 Miss. 125, 19 So. 2d 502; I. C. R. R. Company v. Handy, et al., 108 Miss. 421, 66 So. 783.

Subsection 4 of Section 1475.5, Miss. Code of 1942, Recompiled, states: ''If the defendant desire to prove by way of defense in an action, any affirmative matter in avoidance, which by law may have been proved heretofore under special plea he shall set forth in his answer to the action such affirmative matter and incorporate such defense therein, otherwise such matter shall not be allowed to be proved at the trial; and said answer shall fully set forth any special matter which the defendant intends to give in evidence in bar of the action * * *,,

Under our modern practice the defense of contributory negligence or comparative negligence must not

only be proved and an instruction requested, but it also must be pleaded in the answer of the defendant. The court was eminently correct in refusing the instruction on contributory negligence when the defendant neither affirmatively set forth the defense in the answer nor requested the case be opened in order to amend the answer.

The judgment of the lower court is affirmed.

Affirmed.

*Lee, Arrington, Ethridge* and *Rodgers, JJ.,* concur.