310 So.2d 914 (1975)
Alfred WHITE and the City of Vicksburg
v.
Doris THOMASON, a minor, by Mrs. John A. Thomason.
No. 48000.
Supreme Court of Mississippi.
April 14, 1975.
*915 Watkins & Eager, Velia Ann Mayer, P.N. Harkins, III, Jackson, Ramsey, Bodron & Thames, Vicksburg, for appellant.
Prewitt & Braddock, J. Mack Varner, Vicksburg, for appellee.
Before PATTERSON, SMITH and BROOM, JJ.
BROOM, Justice.
An automobile collision beneath a malfunctioning traffic control device at an intersection resulted in appellee's (plaintiff's) personal injuries which were the subject of her tort action tried in the Circuit Court of Warren County, Mississippi. Trial resulted in a $30,000 verdict against both appellants but a remittitur of $7500 was ordered by the lower court and accepted by appellee. We reverse.
The chief issues pertain to (1) the sufficiency of evidence, (2) admissibility of a city ordinance into evidence, and (3) jury instructions.
The following facts are established by the record. On August 2, 1971, the appellee, a minor, was driving a 1970 Maverick automobile south on Farmer Street in Vicksburg, and collided with a Chrysler automobile being driven east on Openwood Street by appellant White. The appellee (accompanied by three other minor students) was en route to school when the collision occurred within the intersection of the two streets. Hanging above the intersection was a four-sided tricolored traffic signal device, but the red light was inoperable to eastbound traffic (including appellant White) on Openwood.
Appellee's version was that as she approached the intersection while traveling south on Farmer Street, she had a green light and saw no vehicles approaching the intersection on Openwood. Her speed was approximately twenty to twenty-five miles per hour and she said that she slowed at the intersection, looked both ways, and then proceeded into the intersection and *916 was underneath the light when she heard a scream from her sister, one of her passengers. The forward or front portion of the right side of her vehicle was struck by the front portion (left front) of appellant White's vehicle.
White testified that he saw that the red light facing him (as he entered the intersection from Openwood Street) was not functioning and that as he neared the intersection he slowed down and looked both ways. Seeing no vehicles approaching, he said that he proceeded into the intersection and was struck by the appellee's vehicle.

I.
We first consider the argument that the evidence adduced was not sufficient to properly withstand motions for a directed verdict and peremptory instruction.
As to which signal light was inoperable or malfunctioning, and as to how long such defect had been existing prior to the wreck which occurred on Monday, the record is replete with confusion and contradiction. Some of the testimony indicated that not only was the traffic light malfunctioning as to vehicles entering the intersection from the west on Openwood Street, but also that the traffic lights were out or not properly functioning when viewed from the north while traveling south on Farmer Street. Portions of the testimony indicated that the defect or malfunctioning of the traffic light had been in existence only one day prior to the accident. However, the appellee's witness Traxler clearly and without equivocation testified that on Thursday prior to the accident on Monday, he observed that the red signal light was not functioning as to traffic entering the intersection from the west on Openwood Street. This was the direction traveled by appellant White in this case at the time of the collision. Traxler further testified that to his knowledge the defect had not been repaired up until the time of the wreck.
It is argued on behalf of the city that the appellee failed to establish that the city was negligent or that its negligence caused or contributed to the collision which resulted in appellee's injuries. Additionally, the city contends that there was no proof that the city had notice that the traffic fixture was out or malfunctioning for a sufficient length of time prior to the accident to give rise to an inference of negligence or that the city failed to carry out reasonable inspections. The city also argues that the sole proximate cause of the collision was the concurring negligence of the two drivers and that, therefore, the proof did not make out a sufficient case for consideration by the jury.
The rule is well established that maintenance by a municipality of an overhead traffic control light at a street intersection is a proprietary function which must be conducted with at least ordinary care. Tucker v. City of Okolona, 227 So.2d 475 (Miss. 1969). In order for a municipality to be liable in a case of this type, it is not necessary that the city have actual notice of the defective light. Constructive notice of the defect may be sufficient and whether a municipality had notice, actual or constructive, is ordinarily a question for the jury. 63 C.J.S. Municipal Corporations § 943e (1950). In City of Cleveland v. Threadgill, 246 Miss. 23, 148 So.2d 670 (1963), the court stated that whether or not a defect has existed for sufficient time to constitute constructive notice is a jury question. The court in City of Greenville v. Middleton, 124 Miss. 310, 86 So. 804 (1921), held that a defect or hole in a bridge shown to exist four days prior to an accident created a jury question as to whether constructive notice is to be attributed to the municipal authorities. See 63 C.J.S. Municipal Corporations § 943e (1950).
In deciding whether a directed verdict or peremptory instruction should be granted, the trial judge is to look solely to the testimony on behalf of the party against whom a directed verdict is requested. He will take such testimony as true *917 along with all reasonable inferences which can be drawn from that testimony which is favorable to that party, and, if it could support a verdict for that party, the directed verdict should not be given. If reasonable minds might differ as to this question, it becomes a jury issue. Williams v. Weeks, 268 So.2d 340 (Miss. 1972); Jones v. Phillips, 263 So.2d 759 (Miss. 1972). Applying the rationale of the cited cases to the case before us, we think the trial court properly submitted the case to the jury.

II.
Whether the court erred in not admitting into evidence a certified copy of a Vicksburg city ordinance is the next question before us. Profert of the ordinance was made by appellant White without his or the other appellant having specifically pleaded the ordinance. At the time profert of the ordinance was made, the appellee had admitted that she was driving at a speed of twenty-five to thirty miles per hour. It is noteworthy that the applicable speed limit at the place in question was twenty miles per hour pursuant to the ordinance in question.
The general rule is that courts do not take judicial notice of municipal ordinances. Kyle v. Town of Calhoun City, 123 Miss. 542, 86 So. 340 (1920). It is also the rule in this jurisdiction that affirmative defenses cannot be relied upon unless specially pleaded. Miss. Code Ann. § 11-7-59(4) (1972); Seals v. St. Regis Paper Co., 236 So.2d 388 (Miss. 1970); Niles v. Sanders, 218 So.2d 428 (Miss. 1969); Myrick v. Holifield, 240 Miss. 106, 126 So.2d 508 (1961).
The following extract from the record shows the unusual nature of what actually occurred with reference to the ordinance and it will be noted that the court and not counsel objected to the introduction of the ordinance copy.
"BY MR. HARKINS: We would further like to introduce into evidence a certified copy of certain Ordinances of the City of Vicksburg, Mississippi that have been certified to by Mrs. Marie Pantoliano.
"BY THE COURT: The Court is going to rule that it is inadmissible.
"By MR. HARKINS: Well, would we be allowed to be heard outside the hearing of the jury, Your Honor?
"BY THE COURT: No, sir, I'm convinced about the matter sufficiently, and that will be the ruling of the Court. Let the. Let the matter be marked in evidence as offered and let the Court Reporter show it's refused."
Of course, it is obvious that when the appellant White sought to introduce the ordinance into evidence, opposing counsel could have objected but in making such objection would properly have been required to state the ground of his objection. The logical objection would have been that the ordinance had not been pleaded affirmatively and, therefore, was inadmissible. Then, upon such a posture of the record, the appellant would have been in position to move to amend his pleadings and affirmatively plead the ordinance which related to minimum speed limits. Here the court itself, without any objection of counsel, made its ruling that the copy of the ordinance was inadmissible and gave no reason for its ruling. Then when counsel sought to be heard about the matter away from the jury, the court refused and stated that it was "convinced about the matter sufficiently... ."
We think it was error for the court of its own motion to exclude the evidence without stating any reason therefor or allowing counsel to be heard about the matter. The record shows that both sides rested immediately after the court's ruling and the trial was recessed until a later date, at which time appellant White's counsel moved the court to permit him to reopen for the purpose of showing that according to the city ordinance the applicable *918 speed limit was twenty miles per hour at the intersection. At that point counsel for appellee objected on the sole ground that it was time "for us to consider the instructions." Upon this posture of the record, we think the case must be reversed and retried.

III.
The next argument before us is that the court erred in granting instruction No. 11 for the appellee, which told the jury that they might take into consideration certain elements of damages in arriving at their verdict. Items 1 through 3 of the instruction related to character and extent of injuries, medical expenses and physical pain and suffering. Then Items 4 through 6 contained the following language, which we quote:
4. All mental pain and anguish, if any Plaintiff has suffered as a proximate result of said injuries, if any.
5. Sadness, humiliation, and embarrassment ensuing from any scars or disfigurement sustained as a proximate result of said injury, if any.
6. All physical pain and suffering which you believe from the evidence Plaintiff will suffer in the future, if any, as a proximate result of said injuries, if any.
As held in Vascoe v. Ford, 212 Miss. 370, 54 So.2d 541 (1951), the plaintiff may only recover for permanent disfigurement established by a preponderance of the evidence. In New Orleans and Northeastern Railroad v. Thornton, 252 Miss. 49, 172 So.2d 560 (1965), the court ruled that the failure to include the word "permanent" was error but not reversible error upon the facts and circumstances of that case.
If omission of the word "permanent" was the only error in the instruction, the deficiency would be less significant, but there is another error in it. Item 4 of the instruction allows recovery for "mental pain and anguish," and then Item 5 allows a recovery for "sadness, humiliation, and embarrassment." The elements mentioned in Items 4 and 5 in reality constitute only one element of damages, but by being couched in different language became confusing and misleading. As worded the instruction would allow the jurors to believe that they could allow damages for two apparent separate elements (4 and 5) which should have been set forth as one item. It appears that the confusing language of this instruction may have resulted in pyramiding of damages in this case. Bryan Bros. Packing Co. v. Grubbs, 251 Miss. 52, 168 So.2d 289 (1964).
Instruction No. 20, which was refused appellant, Alfred White, would not be inappropriate at a retrial upon like evidence but the words "if any" should be added following the word "negligence" when it appears in the last clause. Appellant White's requested instruction No. 22 will also be appropriate at a retrial provided the applicable speed limit of twenty miles per hour is properly in evidence.

IV.
Since the case will have to be retried, we make no finding that the amount of the judgment is excessive but point out that it appears to be high in view of the lack of any evidence that the appellee incurred any loss of motion or permanent impairment to her knee or leg. According to the evidence, she suffered no loss of earnings and, according to her doctor, her scar will become less noticeable in the future.
We hold that the trial judge rightfully submitted the case to the jury but there must be a retrial for the reasons set forth in this opinion.
Reversed and remanded.
GILLESPIE, C.J., RODGERS, P.J., and INZER, ROBERTSON, SUGG and WALKER, JJ., concur.