AMERICAN CREOSOTE WORKS OF LA. *v.* HARP.

Oct. 6, 1952.

No. 38466      2 Adv. S. 3      60 So. 2d 514

*Snow & Covington,* for appellant.

*Mitchell & McNutt,* and *Brown & Ellege,* for appellee.

8

HALL, J.

The principal question for decision in this case is whether a shipper by rail, who, pursuant to contract, loads a car, is liable in damages to an employee of the consignee engaged in unloading the car at destination for personal injuries sustained by such employee because of the alleged improper manner of loading.

Appellant is the owner and operator of a plant at Louisville, Mississippi, and is engaged in treating poles and piling with creosote. It sold to Paul Anthony Construction Company a carload of piling f.o.b. cars at Louis-

ville for use in highway bridge construction. Appellant loaded the car and delivered it to the railroad company for transportation to Fulton, Mississippi. When the car arrived at Fulton it was placed on a side track where it was taken in charge by the Paul Anthony Construction Company whose foreman directed appellee, its employee, to go on top of the load with an axe and cut the metal bands which were fastened to the standards on each side of the load and extended across the top of the load. The shipment was on an ordinary railroad flatcar. It contained fifty-six pieces of piling which ranged in length from twenty-two feet to twenty-seven feet. On each side of the car there were three standards which were fitted into the cuffs on the side of the car platform and extended vertically to the top of the load. One pair of standards was near each end of the car and one pair near the center. The tops of each pair were held together by a three-fourths inch high tension metal band extending across the car from one side to the other. It was necessary to remove these bands before the piling could be removed from the car. When appellee cut the third and last band all six of the standards broke off at the cuffs, the load of piling spread and fell from the car on both sides, and appellee was precipitated to the ground, sustaining a serious and permanent injury.

The case was submitted to the jury upon the issue whether the car was properly loaded and in a manner which was reasonably safe for unloading. The evidence as to the manner of loading was in sharp conflict and the jury could have resolved the issue in favor of either party. Appellant requested a directed verdict which was refused by the trial court, and it is argued here that appellant was entitled to a peremptory instruction for the reason that there was no privity of contract between appellant and appellee, that appellant knew nothing of appellee, had no contract with him, and consequently owed him no duty. We have carefully examined the

several authorities cited by appellant and do not think that any of them are in point. They do not involve the question presented, are wholly different on the facts, and do not announce any principle of law which would relieve appellant of liability.

The English case of Elliott v. Hall, (1885), 15 Queen's Bench Division 315, is directly contrary to appellant's contention. There it was said: "It was clearly part of the contract for the sale of the coal to plaintiff's employers that it should be conveyed in a truck to the buyers, and it must necessarily have been contemplated that, when it arrived at destination, the truck would be unloaded by buyer's servants. I think it plain that under these circumstances a duty arose on the part of the defendant towards the plaintiff. . . . It is contended that there is no duty because there was no contract with the plaintiff, but the plaintiff was acting as the servant of the company with whom the contract was made, and the defendant must have known that the buyers would not unload the coal themselves and that their servants would do so. Under these circumstances it seems clear to me that there was a duty not to be guilty of negligence with regard to the state and condition of the truck."

The above case was cited with approval in Edwards v. Southern Railway Co., et al., 233 Ala. 65, 169 So. 715, 106 A. L. R. 1133, wherein the Supreme Court of Alabama said: "The shipper was under duty to load the car in a safe condition for receipt by the consignee or its servants; and if such was not the fact or condition, it was the shipper's duty to notify the consignee or its servants of such danger." In that case a recovery was denied to the plaintiff, but the denial was on the sole ground of plaintiff's contributory negligence which barred a recovery in Alabama but would not bar a recovery in Mississippi in view of our comparative negligence statute, Section 1454, Code of 1942.

In the case of Pitman v. Y. & M. V. R. R. Co., 171 Miss. 799, 158 So. 547, our Court recognized the above stated principle when it said: ''Appellee (the railroad company) was under no duty to furnish standards, that was the duty of the shipper—the lumber company. The lumber company furnished and placed the standards, as it knew it must do. This was done by servants of the lumber company—appellant's fellow servants. One of the standards was faulty, resulting in appellant's injury. There can be no liability where there is no duty.'' It was held that the railroad company was not liable for plaintiff's injury because the car was being loaded by the lumber company and the railroad had no control whatsoever over the manner of loading, and the lumber company was not liable because the negligence which caused the injury was that of the plaintiff's fellow servants, but the court did hold that it was the shipper's duty to furnish and place the standards used in the loading.

In 65 C. J. S. p. 556, Negligence, Sec. 65, it is said: ''The duty to exercise care to avoid injury is not restricted to those in contractual relationship with the alleged wrongdoer, but extends to others lawfully present and employed, as for example, to the servant of another who is where he has a lawful right to be in the performance of his ordinary duties.''

In Hayes v. Philadelphia & R. Coal & Iron Co., 150 Mass. 457, 23 N. E. 225, it was held that a coal merchant, furnishing tackle for use by his customers in unloading coal from the barge in which it is delivered, is liable to a servant of the customer for personal injuries sustained by reason of a defect in such tackle. That case did not involve an unsafe method or manner of loading, but the unsafe condition of the equipment furnished for unloading, but it supports our view that **(Hn 1)** the mere fact that there is no contractual relationship between plaintiff and defendant does not relieve defendant of its duty to an employee of the consignee to exercise reasonable care

for the prevention of injury to him in connection with the unloading of a car which was loaded for shipment by the defendant.

In connection with its contention that it was entitled to a directed verdict, appellant further argues that, even though it may have been guilty of negligence in improperly loading the car, it was not reasonably foreseeable that an injury might result therefrom to an employee of the consignee. (Hn 2) The question of foreseeability was submitted to the jury by appellant's instruction No. 2 and by its verdict the jury resolved that question against appellant. Under the evidence offered by appellee we think the jury was justified in finding that the risk of injury was reasonably foreseeable. Billups Petroleum Co. v. Entrekin, 209 Miss. 302, 46 So. 2d 781; United Novelty Co. Inc. v. Daniels, (Miss.), 42 So. 2d 395; Johnston v. Canton Flying Services, Inc., 209 Miss. 226, 46 So. 2d 533; Mississippi Power & Light Co. v. Thomas, 206 Miss. 201, 39 So. 2d 759.

In this connection appellant further argues that its negligence was not a proximate cause of appellee's injury but that the sole proximate cause thereof was his own negligence in cutting the bands across the top of the load which held the standards together. (Hn 3) There may be more than one proximate cause of an injury, 38 Am. Jur. Negligence, Sec. 63, and if appellant's negligence proximately contributed to the injury, as the jury has found that it did, then appellant is liable even though its negligence was not the sole proximate cause thereof. Brewer v. Town of Lucedale, 189 Miss. 374, 198 So. 42; Gulf Refining Co. v. Brown, 196 Miss. 131, 16 So. 2d 765; Planters Wholesale Grocery v. Kincaide, 210 Miss. 712, 50 So. 2d 578. Moreover, (Hn 4) when reasonable minds might differ on the matter, the question of what is the proximate cause of an injury is usually a question for the jury, 65 C. J. S., Negligence, Sec. 264, and likewise questions of negligence and contributory negligence are gener-

ally for the determination of a jury. Davidson v. McIntyre, 202 Miss. 325, 32 So. 2d 150. By appellant's instruction No. 3 the jury was charged that if plaintiff's own negligence was the sole proximate cause of his injury the jury must find for defendant; by its instruction No. 4 the jury was charged that if either the plaintiff's own negligence or that of his employer, Paul Anthony Construction Company, was the sole proximate cause of his injury he could not recover; by appellant's instruction No. 8 the jury was charged that the jury must believe that defendant's negligence was a proximate cause of the injury before a verdict could be rendered against it, and by appellant's instruction No. 6 the jury was charged that if plaintiff was guilty of negligence which proximately contributed to his injury and if defendant was also guilty of negligence, then plaintiff's damages must be diminished in proportion to the negligence attributable to him. The last mentioned instruction was drawn under our comparative negligence statute, Sec. 1454, Code 1942. The jury was fully and fairly charged on the issues raised by the pleadings and proof, and it is our conclusion that the case was one for decision by the jury on those issues.

After the issue as to negligence had been joined in the pleadings appellant filed a supplemental answer averring that the plaintiff was entitled to receive and was receiving payments from his employer or its insurance carrier under the Workmen's Compensation Act, that they were necessary parties to the suit, and that consequently there was a nonjoinder of parties. On motion of appellee the trial court entered an order striking the supplemental answer and that action is assigned as error. Our compensation law provides that the acceptance of compensation benefits shall not affect the right of the employee to sue any other party at law for damages for his injuries, that the employer or his insurer *may* join in the suit, that notice of the suit must be given to the employer

or insurance carrier within fifteen days of the filing thereof, that if recovery is had by the employee against the third party, the employee shall be entitled to any amount recovered over and above the amount that the employer and insurer shall have paid or are liable for in compensation or other benefits, after deducting the reasonable costs of collection. Section 30, Ch. 354, Laws of 1948, Sec. 6998-36, Code of 1942. The record shows that the employer was given notice of the suit within the time required by the statute and the judgment entered upon the verdict of the jury follows the statute in detail. The statute permits but does not require the employer or his insurance carrier to join in the suit, and, since proper notice of the filing of the suit was given, the trial court committed no error in striking the supplemental answer. (Hn 5) Neither the employer nor its insurance carrier was a necessary party under the statute and the judgment entered not only takes care of their interests but relieves appellant of liability to them. See 58 Am. Jur., Workmen's Compensation, Secs. 366 and 368.

Appellant next contends that the trial court erred in not sustaining a challenge for cause to the proposed juror Frederick. (Hn 6) On the voir dire examination it appeared that Frederick lived in the same community with plaintiff and was a member of the same church and lodge, but he stated to the court under oath that these facts would not influence his verdict and that he would try the case just as if it were a suit between two parties of whom he never heard. On this statement the trial court held that Frederick was a competent juror and we think his holding is correct. "A juror is not incompetent merely because he and one of the parties are members of the same religious denomination, church, organization, or fraternal order." 50 C. J. S., Juries, Sec. 229. Moreover, the record does not show that Frederick served on the jury and it may be that appellant excused him with one of the peremptory challenges to which it

was entitled. There is no showing in the record that appellant exhausted its peremptory challenges. **(Hn 7)** Before the trial court could be put in error for denying a challenge for cause the record should show that the complaining party exhausted his peremptory challenges. Bone v. State, 207 Miss. 20, 41 So. 2d 347; Richardson v. State, 153 Miss. 654, 121 So. 284; Cummins v. State, 144 Miss. 634, 110 So. 206; Shubert v. State, 66 Miss. 446, 6 So. 238; 50 C. J. S., Juries, Sec. 256.

Complaint is made finally against three of the appellee's instructions. These have been carefully examined by us and we find the complaint without merit. As heretofore stated, the jury was fully and fairly charged as to all the applicable principles of law involved in the case, and the judgment of the lower court is affirmed.

Affirmed.

*Roberds, P. J., Lee, Holmes,* and *Arrington, JJ.,* concur.