Dennis CROSS, Plaintiff,

v.

Donald P. HARRINGTON and Southern
Paper Box Company, Defendants.

No. EC 6813.

United States District Court
N. D. Mississippi, E. D.

Jan. 14, 1969.

Threadgill & Smith, Burgin, Gholson & Hicks, Columbus, Miss., for plaintiff.

Roger C. Landrum, Jackson, Miss., for defendants.

## OPINION

ORMA R. SMITH, District Judge.

On April 25, 1968 the defendants filed a motion to dismiss or to require a real party in interest to be substituted or joined in the action. On May 16, 1968 the defendants filed a brief in support of this motion; the

plaintiff filed a brief in opposition to the motion on May 27, 1968. The issue before the Court is whether the defendants, on timely motion, can compel a joinder of a subrogee insurer with the plaintiff under Rule 17(a), Federal Rules of Civil Procedure. In the federal courts clearly they can under Rules 19 and 21 of Federal Rules of Civil Procedure.

The case involves a suit by an employee, who was injured and had received benefits under Workmen's Compensation, against the parties who allegedly caused his injury. The Mississippi statute allows the employee to sue the alleged wrongdoer after he has received compensation benefits. However, after the insurer has paid compensation benefits, he is entitled to a reasonable notice and an opportunity to join any action brought by the employee against a third party. The insurer, having paid the benefits, is further entitled to bring an action against third parties in its own right. Mississippi Code Annotated, Section 6998–36 (1942). Thus, once the Workmen's Compensation benefits have been paid, the Mississippi statute recognizes a right of an action by the employee or the insurer (or the employer) against the wrongdoer. The Mississippi Supreme Court has interpreted the statute as permitting but not requiring an insurer to join in a suit against a third party. American Creosote Works of La. v. Harp, 215 Miss. 5, 60 So.2d 514, 35 A.L.R.2d 603 (1952). Hence, in a state court, if proper notice had been given to the insurer, the defendants would have had small hope for their motion to require the insurer to join as a party plaintiff.

■ Yet after the cause had been removed to the federal court, the federal rules of civil procedure govern the procedural aspects of the case. Texas Employers Insurance Association v. Felt, 150 F.2d 227, 231, 160 A.L.R. 931 (1945). Under Erie Railroad Company v. Tomkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the substantive law of Mississippi is applicable, but the federal rules govern the procedural law.

■ Rule 17(a) of the Federal Rules of Civil Procedure provides that every action shall be prosecuted in the name of the real party in interest. Hence, it is incumbent upon this Court to determine who the real parties of interest are in this action. Since this is a diversity suit, if the state substantive law gives a party an enforceable right, that party is a real party in interest for purposes of Rule 17(a). Moore, Vestal and Kirkland, Moore's Manual, Section 13.01 (1968); Carlson v. Consumers Power Co., 164 F.Supp. 692 (W.D.Mich. 1957). Once the insurer had made compensation to the employee, the Mississippi statute gave both the insurer and the employee the right to maintain an action against a third party wrongdoer. Therefore, both the employee and the insurer have a substantive right of action and are real parties in interest under the procedural rule 17(a).

The United States Supreme Court has interpreted Rule 17(a) with regard to a proceeding brought under the Federal Tort Claims Act. Although the facts are not identical to those in the present case, the opinion of the Supreme Court in United States v. Aetna Casualty and Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949) gives strong support to the fact that the insurer is a real party in interest. On pages 380–383, 70 S.Ct. pages 215–216, the Court states:

"If, then, R.S. 3477 is inapplicable, the Government must defend suits by subrogees as if it were a private person. Rule 17(a) of the Federal Rules of Civil Procedure, which were specifically made applicable to Tort Claims litigation, provides that 'Every action shall be prosecuted in the name of the real party in interest,' and of course an insurer-subrogee, who has substantive equitable rights, qualifies as such. If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. 3 Moore, Federal Prac-

tice (2d ed.) p. 1339. If it has paid only part of the loss, both the insured and insurer (and other insurers, if any, who have also paid portions of the loss) have substantive rights against the tortfeasor which qualify them as real parties in interest.

In cases of partial subrogation the question arises whether suit may be brought by the insurer alone, whether suit must be brought in the name of the insured for his own use and for the use of the insurance company, or whether all parties in interest must join in the action. Under the common-law practice rights acquired by subrogation could be enforced in an action at law only in the name of the insured to the insurer's use, Hall & Long v. [Nashville & C.] Railroad Companies, (U.S.) 13 Wall. 367 [20 L.Ed. 594] (1872); United States v. American Tobacco Co. [166 U.S. 468, 17 S.Ct. 619, 41 L.Ed. 1081] supra, as was also true of suits on assignments, Glenn v. Marbury, 145 U.S. 499 [12 S.Ct. 914, 36 L.Ed. 790] (1892). Mr. Justice Stone characterized this rule as 'a vestige of the common law's reluctance to admit that a chose in action may be assigned, (which) is today but a formality which has been widely abolished by legislation.' Aetna Life Ins. Co. v. Moses, 287 U.S. 530, 540 [53 S.Ct. 231, 77 L.Ed. 477, 481, 88 A.L.R. 647] (1933). Under the Federal Rules, the 'use' practice is obviously unnecessary, as has long been true in equity, Garrison v. Memphis Insurance Co., (U.S.) 19 How. 312 [15 L.Ed. 656] (1857), and admiralty, Liverpool & Great Western Steam Co. v. Phenix Insurance Co. (The Montana) 129 U.S. 397, 462 [9 S.Ct. 469, 32 L.Ed. 788, 799] (1889). Rule 17(a) was taken almost verbatim from Equity Rule 37. No reason appears why such a practice should now be required in cases of partial subrogation, since both insured and insurer 'own' portions of the substantive right and should appear in the litigation in their own names.

Although either party may sue, the United States, upon timely motion, may compel their joinder. Delaware County [Com'rs] v. Diebold Safe & Lock Co., 133 U.S. 473, 488 [10 S.Ct. 399, 33 L.Ed. 674, 680] (1890) (applying a state code under the Conformity Act). 3 Moore, Federal Practice (2d ed.) p. 1348. Both are 'necessary' parties. Rule 19(b), Federal Rules of Civil Procedure. The pleadings should be made to reveal and assert the actual interest of the plaintiff, and to indicate the interests of any others in the claim. Additional parties may be added at any stage of the proceedings, on motion of the United States, upon such terms as may be just. Rule 21."

■ This Court recognizes the fact that some federal courts have refused to require the insurer to join as a party plaintiff. The King case cited in the plaintiff's brief is one such case. King v. Cairo Elks Home Association, et al, 145 F.Supp. 681 (E.D.Ill.1956). Yet, in the King case the Court became involved in the Illinois statute and did not consider the interaction of federal procedural law and state substantive law. Clearly the right which the insurer has, under subrogation, against the third party is a substantive right, but the requirement of who must be a party, or who may be compelled to become a party to the action, is a procedural requirement. Gas Service Co. v. Hunt, 10 Cir., 183 F.2d 417 (1950).

Since the Mississippi statute gives the insurer an enforceable, substantive right against the alleged wrongdoer, the insurer is a real party in interest under Rule 17(a). Under Rule 19 the insurer is not an indispensable party, but it is a necessary party, that is subject to the jurisdiction of the Court and can be made a party without depriving the Court of jurisdiction of the parties befor it. Carlson v. Consumers Power Co., supra, 164 F.Supp. at 696. The defendants' motion to make the insurer a party therefore should be granted in this action under Rules 19 and 21 of the Federal Rules of Civil Procedure.