**Mrs. Cloie NEAL, Plaintiff,**

v.

**TRIM-MASTER CORPORATION, Cutter-Exchange, Incorporated, and Ginsberg Machine Co., Inc., Defendants.**

**No. EC 692–K.**

United States District Court
N. D. Mississippi, E. D.
May 28, 1969.

belous article in Life Magazine the State Supreme Court held that the nonresident defendant did not have the requisite "minimal contacts" within the state, although it solicited advertising, circulated magazines, and allegedly committed a tort within the state.

Michael D. Jonas, Aberdeen, Miss., for plaintiff.

W. F. Goodman, Jr., Jackson, Miss., for defendant Trim-Master Corp.

T. Kenneth Watts, Meridian, Miss., for defendant Cutter-Exchange, Inc.

## MEMORANDUM OPINION ON MOTION FOR JOINDER OF PARTY

KEADY, Chief Judge.

A question presented since our former ruling on April 9, 1969, 48 F.R.D. 390, is whether an employee who has received payments from his employer's insurance carrier pursuant to Mississippi Workmen's Compensation statutes (Miss.Code Ann. §§ 6998–01, et seq.) is required by Rule 17(a), F.R.Civ.P.[1] to join his employer and the insurance carrier as parties plaintiff in his suit against the alleged tort-feasor. Cross v. Harrington, 294 F.Supp. 1340 (N.D.Miss.1969, Smith, J.) held in the affirmative, and, for the reasons expressed therein, we agree.

Briefly, we review the facts. Plaintiff, injured in an industrial accident, has been paid and is presently being paid Workmen's Compensation benefits at the rate of $35 per week by Zurich Insurance Company, her employer's compensation insurance carrier. She now seeks damages against the alleged tort-feasor, and on April 3, 1969, notified her employer, Seminole Manufacturing Company of Aberdeen, Mississippi, and Zurich Insurance Company of the pendency of this action. Neither has exercised its substantive state right (Miss.Code Ann. § 6998–36) to intervene, and now Cutter-Exchange, one of the defendants herein, has moved that they be joined or the suit dismissed.

While the Mississippi legislature has granted the employer and insurer the substantive right to intervene in the employee's suit, its courts have held that they are not required to do so. American Creosote Works of Louisiana v. Harp, 215 Miss. 5, 60 So.2d 514, 35 A.L.R.2d 603 (1952). In event of recovery, the insurer receives whatever sum it has paid or is obligated to pay as benefits to the employee, after court costs and attorney's fees are deducted. The employee receives any amount left after the costs of collection have been paid and the carrier has been reimbursed. Tadlock v. United States Fidelity & Guaranty Company, Intervenor, 219 So. 2d 143 (Miss.1969); Richardson v. United States Fidelity & Guaranty Company, 233 Miss. 375, 102 So.2d 368 (1958).

Whatever may be the state substantive rule, however, the procedural aspects of the case are governed by the Federal Rules of Civil Procedure. Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

It is clear enough indeed that the insurer and employer in cases such as this are "real parties in interest" within

1. Rule 17(a), F.R.Civ.P., provides, in pertinent part, as follows:

"Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought * * *."

the meaning of Rule 17(a), United States v. Aetna Casualty and Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949); Cross v. Harrington, supra; however, Rule 17 does not require their joinder if the plaintiff-employee can be considered to bring suit as a "trustee of an express trust" within the meaning of that Rule. See, e. g., Jenkins v. Westinghouse Elec. Co., 18 F.R.D. 267 (W.D. Mo.1955); King v. Cairo Elks Home Association, et al., 145 F.Supp. 681 (E.D. Ill.1956). We think that construction was foreclosed by United States v. Aetna Casualty & Surety Co., supra, and Sunray Oil Corporation v. Allbritton, 187 F.2d 475 (5 Cir. 1951).[2]

Accordingly, an order will issue requiring the joinder of Seminole Manufacturing Company and Zurich Insurance Company as parties plaintiff.

---

2. In *Sunray Oil Corporation*, the insurance carrier, instead of joining in the plaintiff-employee's suit, sought to recoup compensation paid to him by agreeing with him that, if he would bring suit, he could recover and hold for it, all sums it was entitled to recover against the defendant by virtue of its subrogation rights under Texas law. In holding that the employee could not hold as trustee, the court stated at 477:

"Appellee [the employee] * * * prayed that he recover and hold such sums as trustee, but this he could not do. He was not the trustee of an express trust in the sense of Rule 17(a), which provides that every action shall be brought in the name of the real party in interest but that the trustee of an express trust may sue in his own name without joining with him the party for whose benefit the action is brought."