George C. PEYTON, Plaintiff,

v.

PASCAGOULA DRAYAGE COMPANY, Defendant.

No. DC 75–43–S.

United States District Court,
N. D. Mississippi,
Delta Division.

Nov. 3, 1975.

William M. Chaffin, Clarksdale, Miss., for plaintiff.

William O. Luckett, Clarksdale, Miss., for defendant.

MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The defendant in this personal injury, diversity case has moved the court for

leave to bring in an additional plaintiff, the Liberty Mutual Insurance Company (Liberty hereinafter).

In its motion and supporting brief, defendant alleges that Liberty was the workmen's compensation carrier for plaintiff's employer at the time of the traffic accident which is the subject of this action and, as such, has paid over to the plaintiff compensation benefits slightly in excess of $3,000 on account of the injuries received by plaintiff in the accident. Accordingly, defendant argues, Liberty should be made a party plaintiff pursuant to Fed.R.Civ.P. 17(a) because it is a real party in interest to the extent of its subrogated interest created by the payment to plaintiff of the afore-mentioned $3,000.

Plaintiff disputes none of defendant's allegations concerning Liberty's subrogated interest but points out that plaintiff and Liberty have entered into an agreement whereby plaintiff will reimburse Liberty from plaintiff's recovery in this lawsuit, if any, to the extent of Liberty's $3,000 payment to plaintiff. In consideration of this promised reimbursement, Liberty has waived any right to protect or pursue its subrogated interest as against defendant and has disclaimed all interest in this action except, of course, its indirect interest in the outcome arising from plaintiff's promise to reimburse Liberty if successful.

In support of its position that Liberty must be joined as a party-plaintiff, defendant cites two cases emanating from this district, *Cross v. Harrington*, 294 F.Supp. 1340 (N.D.Miss.1969) and *Neal v. Trim-Master Corp.*, 48 F.R.D. 392 (N.D.Miss.1969). While the basic facts of each of these cases are similar to those in the case at bar, there is one important factual difference which is fatal to defendant's argument.

The holdings in *Cross v. Harrington* and *Neal v. Trim-Master* are to the effect that a workmen's compensation carrier which has been partially subrogated to the claim of an employee of its

insured against a third party through payments to such injured employee should be joined in the employee's action against the third party as a real party in interest.

Where, however, as here, the subrogated carrier has assigned its interest to the covered employee and has waived the right to participate in the action, looking entirely to the covered employee for reimbursement in the event of a successful termination of the suit, the carrier is no longer a real party in interest as contemplated by Rule 17(a). In effect, the carrier has assigned to the plaintiff whatever rights it may have by virtue of its subrogation and has chosen, instead, to rely upon its contractual right against the plaintiff in the event of a recovery.

Accordingly, defendant's motion is not well taken and the court will enter an order overruling the same.