Billy JAMES, Plaintiff,

v.

NASHVILLE BRIDGE COMPANY and Olive Branch Ready Mix Company, Defendants.

No. DC 76-98-K.

United States District Court,
N. D. Mississippi,
Delta Division.

May 26, 1977.

---

David T. Lail, Clarksdale, Miss., for plaintiff.

William O. Luckett, Jr., Clarksdale, Miss., James L. Bonner, Olive Branch, Miss., for defendants.

## MEMORANDUM ORDER

KEADY, Chief Judge.

This action arises from injuries sustained by plaintiff Billy James in the course of his employment with Pidgeon-Thomas Iron Company. James alleges his injuries were caused by negligence or breach of warranty by defendants Nashville Bridge Company and Olive Branch Ready Mix Company. The cause is now before the court on motion of Nashville to have Bituminous Casualty Corporation, Pidgeon Thomas' workmen's compensation carrier, joined as a party plaintiff pursuant to Rules 17(a) and 19, F.R.Civ.P., since Bituminous has paid workmen's compensation benefits to James for his injuries which are the subject of this action.

Nashville contends that compulsory joinder of Bituminous is mandated by *Cross v. Harrington,* 294 F.Supp. 1340 (N.D.Miss. 1969) and *Neal v. Trim-Master Corporation,* 48 F.R.D. 392 (N.D.Miss.1969). Those cases hold that under Mississippi law, "a workmen's compensation carrier which has been partially subrogated to the claim of an employee of its insured against a third party through payments to such injured employee should be joined in the employee's action against the third party as a real party in interest," *Peyton v. Pascagoula Drayage Co.,* 69 F.R.D. 19, 20 (N.D.Miss.1975), where such carrier, as a Rule 19 necessary party, "is subject to the jurisdiction of the court and can be made a party without depriving the Court of jurisdiction of the parties before it," *Cross, supra* at 1342.

We adhere to *Cross* and *Trim-Master* insofar as they go.[1] As pointed out in *Peyton,* however, neither *Cross* nor *Tri-Master* addresses the situation where a subrogated carrier and an employee-plaintiff enter into an agreement in which the employee-plaintiff agrees to reimburse the carrier from any recovery obtained from the third party tortfeasor, and in which the carrier relinquishes its right to proceed directly on its

---

1. In *Holley v. Illinois Cent. Gulf RR,* No. EC 74–60–K (N.D.Miss.1974) (unreported), we noted that *Cross* and *Tri-Master* had not decided "whether in a proper case ratification by a real party in interest is a suitable alternative to his joinder or substitution, as seemingly permitted by the last sentence of Rule 17(a) which was added in 1966."

subrogated interest against the tortfeasor. *Peyton* characterizes such an arrangement as an assignment by the carrier to the plaintiff of "whatever rights it may have by virtue of its subrogation" in consideration of "its contractual right against the plaintiff in the event of a recovery," thus rendering the carrier "no longer a real party in interest as contemplated by Rule 17(a)." *Peyton, supra* at 20.

We view the *Peyton* holding as nothing more than an alternative statement of the ratification option available under Rule 17(a) to a party whose joinder or substitution would be required by the Rule absent such an agreement or ratification. The final sentence of Rule 17(a), added by amendment in 1966, provides that

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of the commencement of the action by, *or* joinder or substitution of, the real party in interest; and such ratification, joinder, *or* substitution shall have the same effect as if the action had been commenced in the name of the real party in interest. Rule 17(a), F.R.Civ.P. (Emphasis added).

■ Since the above portion of the real party in interest rule is written in the disjunctive, it is apparent that "[f]ormal joinder or substitution of the real party in interest will not be necessary when he ratifies the commencement of the action," 6 Wright & Miller, Federal Practice and Procedure: Civil § 1555 at 709. Thus, it may be sufficient under Rule 17(a) if the alleged real party in interest—here the subrogated workmen's compensation carrier—"file[s] [its] certificate that the present plaintiffs are authorized to prosecute this action for [its] benefit, and that [its] agree[s] to be bound by the final determination in the case," *Pace v. General Electric Co.*, 55 F.R.D. 215, 219 (W.D.Pa.1972). *See Urrutia Aviation Enterprises, Inc. v. B. B. Burson & Associates, Inc.*, 406 F.2d 769 (5 Cir. 1969); *Honey v. George Hyman Construction Co.*, 63 F.R.D. 443, 447–48 (D.D.C.1974); *South-*

*ern National Bank of Houston v. TRI Financial Corp.*, 317 F.Supp. 1173, 1186–88 (S.D.Tex.1970). Where ratification, in lieu of joinder or substitution, is properly filed, the ratifying party is, of course, relieved of any obligation to enter a formal appearance in the action. *Southern National Bank, supra* at 1188.

■ The court, however, has discretion under Rule 17(a) ultimately to determine whether ratification, joinder, or substitution is appropriate in a given case, *Southern National Bank, supra* at 1188, and must exercise its discretion consistent with the purpose of the rule, viz., "to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." Rule 17(a), F.R.Civ.P., Notes of Advisory Committee on 1966 Amendments to Rule.

■ In the instant action, the court finds that defendants will be fully protected by ratification by Bituminous. Bituminous therefore will be allowed 30 days within which to file a ratification of this action. If Bituminous files such ratification within the above-stated time period, Nashville's request for joinder shall be deemed denied; if Bituminous does not timely file such ratification, Nashville's motion shall be deemed granted, and the clerk of court shall forthwith issue summons against Bituminous.