Donald F. Newlin, Gibson & Newlin, Bruce, Miss., Jim Emison, Emison & Emison, Alamo, Tenn., for plaintiffs.

Paul M. Moore, Moore & Moore, Calhoun City, Miss., Armis E. Hawkins, Houston, Miss., for defendants.

Helen Cates LISTER et al., Plaintiffs,

v.

Theron W. PLUNK and James D. Kirby, Defendants.

No. WC 76–28–S.

United States District Court, N. D. Mississippi, W. D.

July 7, 1977.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The action sub judice was instituted on April 9, 1976, with a complaint filed by Helen Cates (now Helen Cates Lister), individually and as the mother and next friend of Anna Cates, Johnnie Cates and Tolbert Cates, III, minors. Plaintiffs sues defendants Theron W. Plunk and James O. Kirby for damages in connection with the death of Tolbert Fanning Cates, husband of plaintiff and father of said minors.

Plaintiff T. C. Lewis (Lewis) was the owner of the vehicle which was being operated by Cates at the time of the accident. He sues for damages to his vehicle.

As indicated, the action involves two actions, one by the wife and children of Cates for damages suffered by them on account of his death, the other by Lewis for damages to his vehicle. The parties have not objected to the inclusion of both actions in one complaint. The objection, if any there

might be, could only relate to the form of action and not to the substance of the controversy. The court would, in fact, consolidate the two cases for trial if separate actions had been brought.

Cates' employment was covered by workmen's compensation. The compensation carrier, Employers Mutual of Wausau (Wausau) has paid death and other benefits under its policy of insurance to Cates' dependents and is subrogated by law for such payments in the right of action here asserted. Miss.Code Ann. § 71–3–71 (1972). The pre-trial order entered herein on May 4, 1977, reflects that Wausau paid the sum of $19,427.46 in workmen's compensation death benefits to Cates' beneficiaries.

The amended complaint alleges that Lewis suffered damages to his vehicle of $18,164.21. Lewis was paid for his loss, less $500, by his insurance carrier, American Southern Insurance Company (American). In effecting settlement under his insurance policies, Lewis executed a subrogation or loan agreement by the terms of which his claim against defendants was assigned to the insurance company, which was authorized to sue on the claim in the name of Lewis.

The defendants filed a motion in the action sub judice on April 28, 1976 seeking an order requiring American to be brought into the case as a plaintiff on pain of dismissal. At that time it was not known that Wausau had paid death benefits to the dependents of Cates, and was thereby subrogated in the right of action herein asserted to the extent of the compensation payment made by it on account of Cates' death. The motion was overruled.

The pre-trial proceedings brought to light Wausau's subrogation claim, and defendants have renewed their original motion and have included a request that Wausau be made a party plaintiff.

In construing the effect of the 1966 Amendment to Fed.R.Civ.P. 17(a) on the question before the court, Chief Judge William C. Keady, of this court, in *James v. Nashville Bridge Company et al.*, 74 F.R.D. 595, said:

We view the *Peyton* [*Peyton v. Pascagoula Drayage Co.* 69 F.R.D. 19, N.D. Miss.1975] holding as nothing more than an alternative statement of the ratification option available under Rule 17(a) to a party whose joinder or substitution would be required by the Rule absent such an agreement or ratification. The final sentence of Rule 17(a), added by amendment in 1966, provides that

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of the commencement of the action by, *or* joinder or substitution of, the real party in interest, and such ratification, joinder, *or* substitution shall have the same effect as if the action had been commenced in the name of the real party in interest. Rule 17(a), Fed.R. Civ.P. (Emphasis added).

Since the above portion of the real party in interest rule is written in the disjunctive, it is apparent that "[f]ormal joinder or substitution of the real party in interest will not be necessary when he ratifies the commencement of the action." 6 Wright & Miller, Federal Practice and Procedure: Civil § 1555 at 709. Thus, it may be sufficient under Rule 17(a) if the alleged real party in interest—here the subrogated workmen's compensation carrier—"file[s] [its] certificate that the present plaintiffs are authorized to prosecute this action for [its] benefit, and that [it] agree[s] to be bound by the final determination in the case." *Pace v. General Electric Co.,* 55 F.R.D. 215, 219 (W.D.Pa.1972).

74 F.R.D. at 597.

In the action sub judice, the court finds that defendants will be fully protected if American and Wausau ratify the bringing of this action by plaintiffs. American and Wausau will be allowed 30 days within which to file their ratification of this action. If American and Wausau file a ratification within said time, defendants' request for joinder shall be deemed denied. Failure to file such ratification, however, will result in granting defendants' motion for joinder.

An appropriate order is being entered by the court.