PRATHER, Justice,
for the Court:
This appeal requires the Court to interpret Rule 17 of the Mississippi Rules of Civil Procedure, involving the question of real parties in interest. Appellant had her negligence case dismissed when she refused to join her insurance carrier, Blue Cross/Blue Shield, under Rule 17(b), Mississippi Rules of Civil Procedure. From that dismissal, the appellant now perfects this appeal and assigns the following error:
It was reversible error for the circuit court to dismiss this action for refusal of the plaintiff to join Blue Cross/Blue Shield of Mississippi as a plaintiff and to refuse to give effect to the Full and Final Waiver of All Subrogation Rights executed by Blue Cross/Blue Shield under the terms of the ratification provision of Rule 17(a), Mississippi Rules of Civil Procedure. This Court reverses and remands for further proceedings.
I.
Jamie H. Turner and Laura A. Haynes were involved in an automobile accident in January of 1984 on the campus of the University of Mississippi at Oxford, Mississippi. The details of the accident and the injuries and damages sustained by Jamie Turner are not relevant to the issue on appeal. Thereafter, Blue Cross/Blue Shield paid medical insurance benefits to Jamie Turner, and the insurance company became subrogated to the extent of medical benefits paid to Turner on her claim against Laura Haynes. However, at that time Blue Cross/Blue Shield executed, through W.G. Shackleford, Executive Vice- *496 President, a release purporting to “fully and finally relinquish and forever release any and all subrogation rights and interests” Blue Cross/Blue Shield had in the suit filed by Jamie H. Turner. The release recited that “for and in consideration of reimbursement of insurance proceeds paid” to Turner by Blue Cross that Blue Cross fully and finally relinquished and forever released any and all subrogation rights and interests it had for recovery of Turner’s claim for medical benefits arising out of her accident with Haynes, “and specifically releases its interest as subrogee under Rule 17(b) of the Mississippi Rules of Civil Procedure.”
In August of 1984, Jamie H. Turner filed a negligence suit against Laura Haynes for her full claim, including medical insurance coverage. Haynes, in turn, filed a motion to dismiss for failure to join an indispensable party pursuant to Rule 17(b) of the Mississippi Rules of Civil Procedure. In October of 1984, Jamie Turner filed a document entitled “Full and Final Release of all Subrogation Rights.”
After a hearing the defendant’s motion to dismiss was granted. From that dismissal, the plaintiff/appellant now appeals.
II.
A history of the development of Rule 17 sheds light on our deliberation. From Wright and Miller, Federal Practice and Procedure § 1541, page 633 (1971), we find such an historical analysis and quote:
Under the restrictive common law practice, an action had to be brought in the name of the person having legal title to the right being asserted. Persons who possessed only equitable or beneficial interests, such as assignees and sub-rogees, could not sue in their own names. Instead, the legal owner was required to bring suit to the use of the person beneficially interested; realistically viewed, the latter was the real plaintiff and the legal owner merely had the status of a nominal party. The practice in the equity courts was more permissive. A person having an equitable or beneficial interest could sue in his own name, although the owner of the legal title typically was joined in order to bind him to the decree.
When the codes combined law and equity, they discarded the cumbersome procedures for “use” actions at law and simply provided that actions should be prosecuted in the name of “the real party in interest.” After 1872 the federal courts were required to follow these state code provisions in actions at law under the Conformity Act, and a comparable practice developed on the equity side of the federal courts. But a federal law court in a state that had not adopted code procedure was obliged to follow the common law rule.
See also, Symposium on Mississippi Rules of Civil Procedure, 52 Miss.L.J. 1, 39 (1982). Under the Federal Rules the application of this rule created or destroyed diversity of citizenship jurisdiction.
The function of Rule 17 is to protect litigants from harassment and multiple suits by persons who would not be bound by the principles of res judicata and to enable the defendant to present his defenses against the proper persons and to proceed to finality of judgment. Wright & Miller, supra, § 1541, pages 635, 636.
III.
The basic question here is whether Blue Cross/Blue Shield must be brought into this lawsuit to enforce a substantive right it possesses in connection with this litigation. Stated differently, did the trial court err in requiring the joinder of Blue Cross/Blue Shield?
Rule 17, Mississippi Rules of Civil Procedure states:
(a) Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may -sue in his representative capacity without joining with him the party for *497 whose benefit the action is brought. No action shall he dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.
(b) Subrogation Cases. In subrogation cases, regardless of whether subro-gation has occurred by operation of law, assignment, loan receipt, or otherwise, if the subrogor no longer has a pecuniary interest in the claim the action shall be brought in the name of the subrogee. If the subrogor still has a pecuniary interest in the claim the action shall be brought in the names of the subrogor and the subrogee.
At first blush this case appears to be controlled by Rule 17(b), concerning subro-gation cases. However, a closer examination reveals that there are no parties in this suit claiming subrogation rights. The sub-rogation rights of Blue Cross/Blue Shield were relinquished by the “Full and Final Release of All Subrogation Rights” document filed October 11, 1984. Therefore, this case is controlled by Rule 17(a), concerning real parties in interest.
Rule 17(a) requires every action to be prosecuted in the name of the real party in interest. However, under Rule 17(a), ratification has the same effect as if the action had been commenced in the name of the real party in interest.
The facts of the case sub judice are similar to those in Peyton v. Pascagoula Drayage Company, 69 F.R.D. 19 (N.D.Miss.1975). In Peyton, the defendant in a suit involving a traffic accident moved to bring in, as an additional plaintiff, the workmen’s compensation carrier of the plaintiff’s employer. The workmen’s compensation carrier had previously paid the plaintiff over $3,000 in benefits due to the injuries received by the plaintiff in the accident.
Additionally, the plaintiff and the insurance carrier entered into an agreement whereby plaintiff would reimburse the carrier from plaintiff’s recovery in the lawsuit. In consideration for the promised reimbursement, the carrier waived its right to protect or pursue its subrogated interest against the defendant. The only interest it preserved was its indirect interest in the outcome of the plaintiff’s lawsuit.
The Court in Peyton held that where the subrogated carrier had assigned its interest to the covered employee and had waived the right to participate in the action, the carrier was no longer a real party in interest as contemplated by federal rule 17(a).
In the present case Blue Cross/Blue Shield assigned its interest to Jamie H. Turner and waived the right to participate in this action. Blue Cross/Blue Shield is looking entirely to Jamie Turner for reimbursement in the event of a successful termination of the suit. Just as in Peyton “the carrier has assigned to the plaintiff whatever rights it may have by virtue of its subrogation and has chosen, instead, to rely upon its contractual right against the plaintiff in the event of a recovery.” Peyton, 69 F.R.D. at 20. See also, James v. Nashville Bridge Co., 74 F.R.D. 595 (N.D.Miss.1977).
This Court holds that Blue Cross/Blue Shield has ratified the action of Jamie Turner and is no longer a real party in interest as contemplated by Mississippi Rule 17(a). Our holding is strengthened by the fact that Laura Haynes does not face a subsequent judgment from Blue Cross/Blue Shield for reimbursement of monies paid to Turner. Likewise, Haynes has no defenses against Blue Cross/Blue Shield that it does not have against Turner. It appears unnecessary to require Blue Cross/Blue Shield to participate, expend legal fees and time in a lawsuit in which it *498 has only a contingent interest against Turner, not Haynes the defendant.[1]
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, PJJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
ROBERTSON and HAWKINS, JJ., specially concur.

. For an analysis of the interaction between Rule 17 and Rule 19, Parties Needed for Just Adjudication, see 52 Miss.L.J. 1, 41 (1982).