# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-IA-00131-SCT

*RIVERBEND UTILITIES, INC.*

*v.*

*HUGH EDWARD BRENNAN AND SHANDA
MELISSA BRENNAN, MERANDA IVY BRENNAN,
AND SARAH ELIZABETH MARUT*


| | |
|---|---|
| DATE OF JUDGMENT: | 01/05/2010 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS, JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | BRENDA G. LONG |
| | MICHAEL BRYAN DICKINSON |
| ATTORNEYS FOR APPELLEES: | HARRY VINCENT SATTERWHITE |
| | BRIAN THOMAS PUGH |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 08/25/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**BEFORE WALLER, C.J., RANDOLPH AND CHANDLER, JJ.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.     In this interlocutory appeal, Riverbend Utilities alleges that the trial court erred by:

(1) adding Arch Insurance Company as an involuntary counterplaintiff, and (2) ordering

Riverbend to make four individuals available for deposition.

## FACTS AND PROCEDURAL HISTORY

¶2.    In August 2006, sewage backed up into a home occupied by Hugh Brennan, Shanda

Brennan, Meranda Brennan, Diana Marut, and Sarah Marut[1] ("the Brennans") in Saucier.

The Brennans reported the problem to Riverbend, which provided their water and sewer

services. Riverbend and its insurance carrier, Arch, paid approximately $40,000 for cleanup,

repair, storage, and claims for damages. Riverbend paid approximately $2,000 and Arch paid

approximately $10,000 directly to vendors, with the remaining $28,000 paid directly to the

Brennans by Arch.

¶3.    In March 2008, the Brennans sued Riverbend, alleging negligence. During discovery,

Riverbend learned that the Brennans' home had suffered damage from Hurricane Katrina in

August 2005. In August 2009, with leave of the trial court, Riverbend counterclaimed,

alleging that the Brennans had submitted the same invoices to Riverbend that they previously

had submitted to their homeowner's insurance provider, and that they had been paid by that

insurer.

¶4.    In September 2009, the Brennans' attorney stated the following in a letter:

> We will now file a motion to have the insurance carrier named as a party in
> interest in this case. Strategically, we believe fighting against a large
> corporation and its insurance carrier will probably be easier than fighting the
> corporation alone. We believe this is a good development in presenting this
> case to the jury as well.

In October 2009, the Brennans filed a "Motion to Add [Arch] as a Real Party in Interest,"

requesting that the trial court order Arch to "be made a party Counterplaintiff in this action,

or in the alternative, if [Arch] refuses to join as Counterplaintiff, it be added as a Defendant

as provided by Rule 19(a) Miss.R.Civ.P." The Brennans now state that they filed the motion

---

[1]Diana Marut was voluntarily dismissed with prejudice in March 2009.

"for it to be clear on the record that [Arch] is the party that the alleged fraud was committed against . . . ." As a part of its response to the Brennans' motion, Riverbend attached Arch's "Rule 17 Certificate of Ratification," which was dated November 3, 2009. *See* Miss. R. Civ. P. 17. It stated:

> [Arch], pursuant to Rule 17(a) . . . , hereby ratifies [Riverbend]'s commencement of Counter-Claim against [the Brennans] and assigns its subrogation claims to Riverbend and agrees that Riverbend continue to prosecute the Counter-Claim on ARCH's behalf for its benefit and further agrees to be bound by the final determination in this case.

¶5. In December 2009, the trial court heard argument on the motion to add Arch, as well as a motion to compel Riverbend to answer interrogatories. The Brennans alleged that Riverbend had not answered questions related to the invoices at issue. The Brennans claimed also that they had not had an opportunity to depose certain employees of Arch and its agents. From the bench, the trial court granted the motion to compel Riverbend to answer the interrogatories and ordered Riverbend's attorney[2] to "[g]ive [the Brennans] all the names of anybody who knows anything about this counterclaim. [Their attorney will] take depositions of them." Later, the trial court told the Brennans' attorney to "[t]ake their depositions if you want."

¶6. On the motion to add Arch, the Brennans argued that, "because [Arch] maintains a pecuniary interest in this case, . . . they're clearly a party to this case." In answer to a question from the trial court, Riverbend acknowleged that Riverbend and Arch had reached an agreement on how to divide the judgment if Riverbend were to prevail. Based on this

---

[2]The same attorney represented Riverbend and Arch.

3

statement, the trial court found that Arch had a pecuniary interest in the case in spite of the Rule 17 Certificate of Ratification.

¶7. On January 5, 2010, the trial court issued its order, as follows:

> The Court finds that [Arch] has a pecuniary interest in the outcome of the Counterclaim. [The Brennans]' motion to Add [Arch] as a Real Party in Interest is **GRANTED**. [Arch] shall be added to this cause as a Counterplaintiff.
>
> [The Brennans]' Motion to Compel [Riverbend] to Properly Answer . . . Interrogatories is **GRANTED**. [Riverbend] shall fully and specifically answer Interrogatories . . . within 10 days of the date of this Order. Furthermore, [Riverbend] shall make the following persons available for deposition before January 29, 2010: Bryan Wakefield, Laraine Allred, Jeffrey Davis and Rick Pridgen.

(Emphasis in original.)

¶8. On January 28, 2010, the trial court stayed all proceedings based on Riverbend's filing of this interlocutory appeal. Riverbend appealed both issues. This Court granted an interlocutory appeal.

## ISSUES

¶9. The issues are:

    I.     Whether the trial court abused its discretion in joining Arch as an involuntary counterplaintiff.

    II.    Whether the trial court abused its discretion in compelling Riverbend to make available for deposition individuals who are not its employees, not parties, and not residents of Mississippi.

## ANALYSIS

¶10. "The standard of review regarding joinder . . . is abuse of discretion." ***Dillard's, Inc. v. Scott***, 908 So. 2d 93 (Miss. 2005) (citing ***Ill. Cent. R.R. v. Travis***, 808 So. 2d 928, 931

4

(Miss. 2002)). "[I]n discovery matters trial courts have considerable discretion and should be reviewed with great deference." *Cucos, Inc. v. McDaniel*, 938 So. 2d 238, 242 n.1 (Miss. 2006) (citing *Allen v. Nat'l R.R. Passenger Corp.*, 934 So. 2d 1006, 1008-09 (Miss. 2006)).

### I. Whether the trial court abused its discretion in joining Arch as an involuntary counterplaintiff.

¶11.	The trial court found that Arch would benefit if Riverbend prevailed on its counterclaim. Thus, it ordered that Arch should be joined as an involuntary counterplaintiff based on the Brennans' motion to add Arch as a real party in interest.

¶12.	Riverbend argues that this case is controlled by this Court's holding in *Turner v. Haynes*, 489 So. 2d 494 (Miss. 1986), and that the trial court erred by not giving effect to Arch's ratification. In part, Rule 17 provides the following:

> (a) Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his representative capacity without joining with him the party for whose benefit the action is brought. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Miss. R. Civ. P. 17(a).

¶13.	In *Turner*, an insured brought a negligence case, which was dismissed under Rule 17(b) after she refused to join her insurer. *Turner*, 489 So. 2d at 495. Compulsory joinder was never at issue in *Turner*. This Court found that the function of Rule 17 was to "protect litigants from harassment and multiple suits by persons who would not be bound by the

5

principles of res judicata and to enable the defendant to present his defenses against the proper persons and to proceed to finality of judgment." *Id.* at 496. This Court found that Rule 17(b) was inapplicable, as no party was claiming subrogation rights. *Id.* at 497. Applying Rule 17(a), this Court reversed the dismissal. *Id.* at 497-98. The Court applied the rule's language that ratification has the same effect as if the suit had been brought originally by the real party in interest. *See* Miss. R. Civ. P. 17(a). This Court held the following:

> [The insurer] assigned its interest to [the insured] and waived the right to participate in this action. [Insurer] is looking entirely to [insured] for reimbursement in the event of a successful termination of the suit. Just as in [*Peyton v. Pascagoula Drayage Co.*, 69 F.R.D. 19 (N.D. Miss. 1975)], "the carrier has assigned to the plaintiff whatever rights it may have by virtue of its subrogation and has chosen, instead, to rely upon its contractual right against the plaintiff in the event of a recovery." [*Id.* at 20.] This Court holds that [insurer] has ratified the action of [insured] and is no longer a real party in interest as contemplated by Mississippi Rule 17(a). Our holding is strengthened by the fact that [defendant] does not face a subsequent judgment from [insurer] for reimbursement of monies paid to [insured]. Likewise, [defendant] has no defenses against [insurer] that it does not have against [insured]. It appears unnecessary to require [insurer] to participate, expend legal fees and time in a lawsuit in which it has only a contingent interest against [insured], not . . . the defendant."

*Turner*, 489 So. 2d at 497-98.

¶14. *Turner* is directly on point with this case. Arch ratified the actions of Riverbend, waived the right to participate, assigned any claim it might have to Riverbend, and agreed to be bound by the result. Arch looks to Riverbend via a contractual right for recovery. Thus, Arch is not a real party in interest in the counterclaim against the Brennans. The purpose of Rule 17 is met; the Brennans will not be subject to further litigation, as collateral estoppel will prevent Arch from reversing its agreement to be bound by the final

6

determination. *See Turner*, 489 So. 2d at 496; *James v. Nashville Bridge Co.*, 74 F.R.D. 595, 597 (N.D. Miss. 1977).

¶15. The Brennans attempt to distinguish *Turner* by pointing out that the insurer in that case ratified before the lawsuit was filed, while Arch ratified after the Brennans moved to add it as a party. However, the language of Rule 17(a) defeats this argument, allowing for a reasonable time "after objection for ratification." Miss. R. Civ. P. 17(a). Indeed, this Court has recognized ratification subsequent to judgment. *See Kirk v. Pope*, 973 So. 2d 981, 989 (Miss. 2007) (quoting *Jenkins v. Wright & Ferguson Funeral Home*, 215 F.R.D. 518, 522 (S.D. Miss. 2003) ("A valid ratification requires the 'ratifying party to authorize continuation of [the] action and agree to be bound by the result.'")) Thus, we find that the trial court erred in ordering that Arch be made a party to the counterclaim.

> **II. Whether the trial court abused its discretion in compelling Riverbend to make available for deposition individuals who are not its employees, not parties, and not residents of Mississippi.**

¶16. Riverbend argues that the order creates an "undue burden of being required to produce individuals who are not employed with Riverbend, and whom Riverbend has no control over." Riverbend argues that, as a good-faith effort to comply with the order, it had forwarded the notices, and that it had asked the individuals voluntarily to submit to a deposition, but all four declined. Riverbend argues that it has no ability to require them appear for deposition, as the four are not parties to the suit, not Riverbend employees, and not Mississippi residents.

¶17. The Brennans counter that the trial court has considerable discretion in discovery matters. *See Capital One Servs., Inc. v. Page*, 942 So. 2d 760, 765 (Miss. 2006). The

7

Brennans argue that, as Arch is a party, the trial court did not abuse its discretion in ordering Riverbend to produce employees of Arch and its agents for deposition.[3] As the individuals noticed are not parties, Mississippi residents, or Riverbend employees, the trial court abused its discretion in ordering Riverbend to be make them available for deposition. *See generally Syngenta Crop Prot., Inc. v. Monsanto Co.*, 908 So. 2d 121, 129 (Miss. 2005). As the trial court stated, the Brennans may take the deposition of these individuals. In so doing, they should use the normal procedure for taking out-of-state depositions, as provided in Mississippi Rules of Civil Procedure. *See* Miss. R. Civ. P. 28(a).

## CONCLUSION

¶18.    The judgment of the Circuit Court for the First Judicial District of Harrison County is reversed, and the case is remanded for further proceedings consistent with this opinion.

¶19.    **REVERSED AND REMANDED.**

**WALLER, C.J., CARLSON, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR. DICKINSON, P.J., NOT PARTICIPATING.**

---

[3]The Brennans contend also that Riverbend's argument is contrary to its objections to the interrogatories. The attorney who represented Riverbend and Arch objected on the basis of attorney-client privilege. However, this is irrelevant to this Court's finding on the issue of producing these individuals for deposition.