RUSSELL, J.,
dissenting:
¶ 18. The majority finds that Ladner failed to provide any evidence establishing a negligent act by Holleman that proximately caused Ladner’s injuries. In my view, Holleman was the proximate cause of Ladner’s injuries because (1) he applied the Neosporin ointment to Ladner’s skin, and (2) he failed to call an ambulance despite several requests by Ladner. At a minimum, there are genuine issues of material fact as to Holleman’s duty, whether his actions or inactions were negligent, and whether Ladner’s injuries were the result of Holleman’s actions or inactions. Therefore, I would reverse the circuit court’s grant of partial summary judgment in favor of Holleman and remand for a trial on the merits.
¶ 19. This Court conducts a de novo standard of review regarding a circuit court’s grant of summary judgment. Rogers v. Barlow Eddy Jenkins P.A., 22 So.3d 1219, 1222 (¶9) (Miss.Ct.App.2009) (citing Bailey v. Wheatley Estates Corp., 829 So.2d 1278, 1282 (¶ 16) (Miss.Ct.App.2002)). Under Rule 56(c) of the Mississippi Rules of Civil Procedure, summary judgment is proper “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Further, “[t]he circuit court is not permitted to try the issues; the court ‘may only determine whether there are issues to be tried.’ ” Rogers, 22 So.3d at 1222 (¶ 9) (quoting Palmer v. Anderson Infirmary Benevolent Ass’n, 656 So.2d 790, 795 (Miss.1995)). “The moving party bears the burden of showing that no genuine issue of material fact exists, whereas the nonmoving party is given the benefit of the doubt as to the existence of a material fact.” Lawson v. Honeywell Int’l, Inc., 75 So.3d 1024, 1026-27 (¶6) (Miss.2011) (citing Monsanto Co. v. Hall, 912 So.2d 134, 136 (¶ 5) (Miss.2005)). “When considering a motion for summary judgment, evidence must be viewed in the *661 light most favorable to the nonmoving party.” Id. at 1027 (¶ 6).
¶ 20. A claim for negligence has four elements: duty, breach, causation, and damages. Price v. Park Mgmt., Inc., 831 So.2d 550, 551 (¶ 5) (Miss.Ct.App.2002) (citing Carpenter v. Nobile, 620 So.2d 961, 964 (Miss.1993)). “To establish a prima facie case, [the plaintiff] must present sufficient evidence on all four elements of the claim to carry the burden of going forward.” Id.
¶ 21. “The general duty is to act as a reasonable prudent person would under the circumstances.” Doe v. Wright Security Servs., Inc., 950 So.2d 1076, 1079 (¶ 12) (Miss.Ct.App.2007) (citing Donald v. Amoco Prod. Co., 735 So.2d 161, 175 (¶ 48) (Miss.1999)). In cases involving the voluntary aid of another, the Restatement (Second) of Torts section 322 provides further guidance:
If the actor knows or has reason to know that by his conduct, whether tor-tious or innocent, he has caused such bodily harm to another as to make him helpless and in danger of further harm, the actor is under a duty to exercise reasonable care to prevent such further harm.
(Emphasis added). Further, “[w]hen the conduct of the actor is a substantial factor in bringing about the harm to another then[,] ‘the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable.’” Doe, 950 So.2d at 1079 (¶ 12) (quoting Rein v. Benchmark Constr. Co., 865 So.2d 1134, 1144-45 (¶ 34) (Miss.2004)). “Defendants ‘cannot escape liability because a particular injury could not be foreseen, if some injury ought to have been reasonably anticipated.’ ” Id. (quoting Rein, 865 So.2d at 1145 (¶ 34)).
¶22. This Court has previously held that issues of negligence, contributory negligence, and proximate causation are for the jury:
When reasonable minds might differ on the matter, questions of proximate cause and of negligence and of contributory negligence are generally for determination of [a] jury. [Am.] Creosote Works of [La.] v. Harp, 215 Miss. 5, 12, 60 So.2d 514, 517 (1952). These questions are for the jury to decide under proper instructions of the court as to the applicable principles of law involved. Smith v. Walton, 271 So.2d 409, 413 (Miss.1973). Foreseeability and breach of duty are also issues to be decided by the finder of fact once sufficient evidence is presented in a negligence case. [Am.] [Nat’l]. Ins. Co. v. Hogue, 749 So.2d 1254, 1259 (Miss.Ct.App.2000).
Hankins Lumber Co. v. Moore, 774 So.2d 459, 464 (¶ 11) (Miss.Ct.App.2000); see also Rogers, 22 So.3d at 1225 (¶ 23) (quoting Davis v. Christian Bhd. Homes of Jackson, Miss., Inc., 957 So.2d 390, 410 (¶ 48) (Miss.Ct.App.2007)) (noting that “the issue of proximate cause is generally an issue for a jury to decide[.]”).
¶ 23. Indisputably, Holleman was the one who applied the Neosporin, and but for Holleman’s application of the ointment, Ladner would never have had an allergic reaction, had to lay down for two hours, and fallen when Holleman asked Ladner to get up. Furthermore, the record reflects Ladner asked Holleman to call an ambulance at least three times, but Holleman failed to do so despite these repeated requests. In my view, a jury could find that Holleman breached his duty because his failure to call an ambulance was not reasonable under these circumstances. See Dyche v. Vicksburg, S. & P.R. Co., 79 Miss. 361, 30 So. 711, 712 (1901) (noting that the duty of a person who voluntarily *662 assumes care of an injured person is one of “common humanity, and the jury should [be] allowed to pass upon whether or not it performed this duty”). Further, Mississippi law is clear that Ladner must be “given the benefit of the doubt as to the existence of a material fact.” Lawson, 75 So.3d at 1027 (¶ 6). Had Holleman called an ambulance, a jury could conclude that Ladner would not have fallen because she would have been under the care of paramedics or other medical personnel. Further, even though the parties dispute the exact cause of Ladner’s fall, issues of proximate causation are questions for the jury. Hankins Lumber Co., 774 So.2d at 464 (¶ 11). As such, I would reverse the circuit court’s grant of summary judgment and remand for a trial on the merits.
IRVING AND GRIFFIS, P.JJ., JOIN THIS OPINION.